IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THUC TRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-69-C |
| | ) | |
| SONIC INDUSTRIES SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant filed the present Motion for Protective Order in response to allegedly inappropriate questioning by Plaintiff's counsel during the deposition of Defendant Sonic's Human Resources Director, Julia Hardaway. (Def.'s Br., Dkt. No. 35, at 1.) Defendant asserts this Motion is not moot as Plaintiff's counsel has expressed an intention to ask similar questions of future deponents.[1] The Parties met and attempted to resolve this issue prior to Defendant's filing of this Motion, as required under Federal Rules 26 and 37. Fed. R. Civ. P. 26(c)(1), 37.

Defendant argues that issuance of a protective order is appropriate under Rule 30(d) and Rule 26(c). Under these Rules, a court may issue a protective order if the moving party

---

[1] While two depositions, both of which took place in September, have taken place pending this Court's ruling on Defendant's Motion for Protective Order, there remain future-scheduled depositions to which this Protective Order would apply. (Def.'s Reply, Dkt. No. 42.)

shows the examination is being conducted in bad faith or in an unreasonably annoying, embarrassing, or oppressive manner to the witness. Fed. R. Civ. P. 26(c), 30(d).

During the deposition of Ms. Hardaway, Plaintiff's counsel asked the following allegedly improper questions:

> So what I'm trying to do is determine if there's something that you think is significant about the performance improvement plan that would relate to how Ms. Tran was treated, but we haven't talked about for some reason. *In other words, a fact that you think, in your mind, would be important for the jury to know in order to accurately decide this case.* If there's such a fact, I'm asking you to share it with me and share it with the jury.
> . . . .
> . . .Are you telling me, then, that *there's nothing else that you think is important, beyond those matters that we have discussed during the course of the deposition*?
> . . . .
> . . . [W]ith regard to the circumstances surrounding Ms. Tran's performance after the plan was imposed, is there anything that you think is significant, that you would like to—*that a jury ought to hear, you think, that has not been discussed so far*?
> . . . .
> Is there anything else about the termination of Ms. Tran that we have not adequately discussed in your mind or fully discussed, *so that there's something else that ought to be heard in order to make a fair decision with regard to that*?
> . . . .
> . . . [I]s there anything that you think is important to the understanding of Ms. Tran's claims that has not been discussed during the course of this deposition?
> . . . .
> . . . [I]s there anything else that you can consider personally to be important to the fair understanding of the claims or defenses to them, in other words, the fair disposition of this case, that we have not discussed so far?

(Def.'s Br., Dkt. No. 35, at 4-7) (emphasis added).

2

Plaintiff cites a handful of cases as support for asking far-reaching, catch-all questions during deposition, which this Court finds unpersuasive. In Sarjeant v. Chater, the court reviewed the line of questioning an administrative law judge asked to determine whether a Social Security claimant was given adequate opportunity to describe her health, not a counsel's questions during deposition. No. 97-6282, 1998 WL 777754, *2 (2d Cir. Oct. 29, 1998) (unpublished). In Godfredson v. Hess & Clark, Inc., the questioning regarded what a specific person said on a particular topic. 996 F. Supp. 730, 738 n.9 (N.D. Ohio 1998) ("Have you told me everything that you can remember *that Bruce said to you* that made you think that this job would last until you were 65?" (emphasis added)). Finally, Plaintiff quotes Tracinda Corp. v. DaimlerChrysler AG as approval for have-you-told-me-everything questions, but the full question in that case asked, "Have you told me everything *you recall about those conversations between the first conversation and the time it was publicly announced*?" 364 F. Supp. 2d 362, 397 (D. Del. 2005) (emphasis added). These questions are narrower and do not support a counsel asking broad, catch-all questions in deposition. Plaintiff's counsel's questioning during the deposition of Ms. Hardaway was not as narrow as the line of questioning Plaintiff relies on in these cited cases.

Additionally, Plaintiff maintains that these deposition questions are warranted because this method of questioning is utilized during jury selection. This analogy is unsound. Jury selection is a process by which, in federal court, a judge determines and ensures the impartiality of potential jurors. Depositions are mechanisms of discovery, where a party's counsel seeks additional information by questioning witnesses. While catch-all questions

may be appropriate in one context, that is not determinative of the appropriateness in all contexts.

Considering the repetitiveness and breadth of these questions, Plaintiff's counsel's questioning was conducted in an unreasonably annoying, embarrassing, or oppressive manner so as to warrant the issuance of a protective order against such line of questioning in future depositions.[2] As the parties agree that disposition of Defendant's limine motion may be postponed pending a date closer to trial, this issue need not presently be decided. (Def.'s Br., Dkt. No. 42, at 2.)

For the reasons more fully set forth herein, Defendant's Motion for Protective Order (Dkt. No. 35) is GRANTED.

IT IS SO ORDERED this 12th day of November, 2010.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[2] Plaintiff's counsel's possible improper purpose of discovering Defendant's steps or strategy for trial is further support for issuance of this order. See Schweinert v. Ins. Co. of N. Am., 1 F.R.D. 247, 248-49 (S.D.N.Y. 1940) (granting defendant's motion for limiting the deposition examination after finding that plaintiff's questioning was intended to discover defendant's preparation for trial).