IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THUC TRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-69-C |
| | ) | |
| SONIC INDUSTRIES SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Thuc Tran ("Tran") brought suit against Defendant Sonic Industries Services, Inc. ("Sonic") claiming race, national origin, and gender discrimination under Title VII and seeking compensatory and punitive damages. Plaintiff filed the present motion to compel discovery as to hundreds of documents that Defendant has withheld under the assertion that Plaintiff's requests were overbroad, unduly burdensome, vague, and seeking disclosure of confidential, propriety information. The documents in question are primarily Sonic employees' and vendors' e-mails, Plaintiff Tran's work product, and personal employee information regarding titles, salary, and job descriptions. (Pl.'s Br., Dkt. No. 43, at 5.) Plaintiff filed a second motion to compel Defendant to disclose an employee's 2010 performance review, e-mails between Plaintiff and Trey Taylor for a six-month period, and documentation of Defendant's net worth, and Plaintiff filed a Motion to Defer this Court's

ruling on Defendant's Motion for Summary Judgment. Defendant also filed its own motion to compel Plaintiff to produce the grades she received while taking night classes.

## II. DISCUSSION

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). While the rules of discovery are broadly construed to favor discovery, it is the courts duty to "administer[ the rules] to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995) ("[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978))); Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir. 1975) ("It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, . . . the discovery scope is extensive.").

*A. Plaintiff's First Motion to Compel*

1. Interrogatory No. 14

Plaintiff's Interrogatory No. 14 asks Defendant to "set out each material fact and each material witness which you propose to offer or present in support of" Defendant's failure-to-mitigate-damages defense. (Def.'s Br., Dkt. No. 51 Ex. 1, at 1.) Defendant claims it adequately answered this request when it gave Plaintiff specific documentation and

information regarding the outplacement employment service it provided to Plaintiff. (Id. at 3.) Defendant argues that without further guidance as to specific information Plaintiff seeks, Plaintiff's request inappropriately invades Defendant's work-product material. Defendant asserts that Rule 26 protects "'work product revealing the attorney's mental processes'" and that courts should protect against the disclosure of the attorney's "'mental impressions, conclusions, opinions or legal theories . . . concerning the litigation.'" (Def.'s Br., Dkt. No. 51 at 4 (quoting Upjohn Co. v. United States, 449 U.S. 383, 400 (1981))).

Rule 26 provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The party asserting work-product protection bears the burden of establishing its applicability. Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984). Procedurally, a party that withholds otherwise discoverable information claiming work-product protection must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

While Defendant's legal conclusions, mental impressions, and strategy regarding its mitigation-of-damages defense are protected under the work-product doctrine, the underlying facts regarding this defense are not. Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against

3

divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product."); Oklahoma v. Tyson Foods, Inc., 262 F.R.D. 617, 627 & n.11, 628 (N.D. Okla. 2009) (acknowledging that while some courts have found compilations of documents are protected as opinion work product, underlying facts are not protected). Here, Plaintiff asks that Defendant disclose the underlying facts of and potential witnesses for its mitigation defense, which do not disclose the mental impressions or legal conclusions requiring protection from discovery. Accordingly, Defendant is compelled to disclose to Plaintiff the underlying facts of and anticipated witnesses regarding its mitigation-of-damages defense.

2. Document Requests 51 and 52

Defendant asserts that Plaintiff's document requests 51 and 52 are burdensome and overly broad and, therefore, justify its refusal to answer under Rule 26(b)(2)(C). Specifically, Request for Production of Document No. 51 states: "Produce all e[-]mails from Sonic employees and any Sonic vendors to or from Jan[uary] 15, 2009 to August 1, 2009 together with any attachments to each document. You need not include in your production copies of e[-]mails which have previously been produced."[1] (Pl.'s Br., Dkt. No. 43, at 4.)

Pursuant to Rule 26, a court must limit the extent of otherwise allowable discovery if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit,

---

[1] Plaintiff subsequently narrowed this request to e-mails addressed to Plaintiff Tran, Trey Taylor, and Reed Reutlinger from January 15, 2009, to July 10, 2009. (Pl.'s Br., Dkt. No. 43, at 4.)

4

considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

As stated, Plaintiff's request for documents regarding every communication between Sonic's hundreds of employees and Sonic's thousands of vendors would entail gathering thousands of e-mails, the majority of which would not relate to Plaintiff's wrongful-termination claim. Considering the breadth of Plaintiff's Request 51—as originally worded—the burden gathering this information would have on Defendant, and the unlikelihood that this information would benefit Plaintiff's claim, Plaintiff's request to compel Defendant to produce these documents is not warranted. Fed. R. Civ. P. 26(b)(2)(C)(iii). See Coleman v. Am. Red Cross, 23 F.3d 1091, 1098 (6th Cir. 1994) (upholding district court's finding that discovery was unduly burdensome when defendant would be required to "search every file that exist[ed] . . . for any documents that might be of any relevance to any matter in the case"); Gomez, 50 F.3d at 1520 ("'[The] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.'" (quoting Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991))); Sprague v. Thorn Ams., Inc., 129 F.3d 1355, 1368 (10th Cir. 1997).

However, Plaintiff later limited the scope of this request to e-mails from Sonic employees and vendors to Plaintiff Tran, Trey Taylor, and Reed Reutlinger during the seven-month period of January 15, 2009, to July 10, 2009. This narrower request lessens the

burden on Defendant and is more likely to produce relevant information regarding Plaintiff's claim. While the volume of e-mails may still be vast—Defendant estimates tens of thousands of e-mails—the burden of transferring this information electronically is unclear.[2] Therefore, the burden of producing e-mails within these parameters is not so great as to prevent discovery. Rich, 522 F.2d at 343 ("If the information sought promises to be particularly cogent to the case, the defendant must be required to shoulder the burden.")

Plaintiff's request for information regarding Plaintiff's work product is also more pertinent to her claim. Specifically, Plaintiff requested that Defendant produce the following information:

> [A]ll reports, projects, presentations or other work assignments and work product of the Plaintiff (this includes documents prepared by the Plaintiff as well as materials which the Plaintiff reviewed or edited) including [e]mails from Sonic and its vendors to or from Jan[uary] 15, 2009 to August 1, 2009. This must include promo tracker, CREST quarterly reports, Ad tracker, Hispanic tracker, tracker mining data, UDM test plan, *NPD/CREST* evolution, biz review (if different from promo tracker), analyzing AC product and consumer profiles, combo concept study, questionnaire for Dessert optimization, proposals from vendors on concept program, profiling Sonic users versus competitors, concept proposals evaluations, CREST data for AC strategy presentation in late May, 2009, the materials at Bates 820, full menu all day research, Sonictrack, mega trends, daypart manager support, AC tracker, giveaway promo review, impact/correlation uniqueness, value tracking, 09 calendar of research, CL T, etc.

---

[2] Plaintiff has agreed that receiving the information electronically is acceptable. (Pl.'s Br., Dkt. No. 72, at 13-14.)

(Def.'s Br., Dkt. No. 51 Exh. 1 at 4.) Plaintiff's request for information regarding Plaintiff's work product is germane to her claims and outweighs the burden of production due to the import of this information to Plaintiff's claims.

Accordingly, as originally phrased, Plaintiff's request to compel Defendant to produce all e-mails between Sonic employees and vendors is too broad and burdensome to compel discovery. However, Plaintiff's amended request to compel production of e-mails from Sonic employees and vendors to Plaintiff Tran, Trey Taylor, and Reed Reutlinger during the specified seven-month period and Plaintiff's request for information regarding Plaintiff's work product and performance are narrower, relevant to Plaintiff's claim, and less burdensome for Defendant to produce. Therefore, Defendant is compelled to disclose these documents.

3. Document Request 53

Regarding this document request, Plaintiff and Defendant disagree as to whether the method by which Defendant provided the documents is sufficient. Plaintiff seeks an order compelling Defendant to produce e-mails, previously provided to Plaintiff by Defendant, according to separate e-mail accounts, rather than the approximate-date order provided. Under Rule 34, the party producing documents must do so in one of two methods: (1) the manner in which they are kept during the usual course of business; or (2) labeled according to the manner categorized in the request. Fed. R. Civ. P. 34(b)(2)(E)(i).

The Court agrees with Defendant's disjunctive reading of "or" within Rule 34 that producing documents in either the method kept during the ordinary course of business or

organized and labeled into categories corresponding with the request is sufficient to satisfy the rule. Fed. R. Civ. P. 34. Accordingly, Plaintiff's argument in favor of its Motion to Compel Defendant to reproduce e-mails according to its preferred method, by each e-mail account, is not compelling. However, if there are e-mails from Plaintiff Tran's e-mail account, regarding Plaintiff's performance review, work product, or title, that Defendant did not provide in the initial discovery process, Defendant is now compelled to disclose such information to Plaintiff.[3]

### 4. Document Request 54

Finally, Plaintiff requested Defendant provide the following information:

> [A]ll persons who were members of the Defendant's Marketing Department for any part of the period from July 10, 2007 through July 10, 2009, produce documents showing . . . [t]he job titles and descriptions each held during that period; [d]ocuments showing dates of any changes in titles or duties; [t]he salary and compensation for []each during this period with documents showing changes in salary.

(Def.'s Br., Dkt. No. 51 Exh. 1 at 5.)

Defendant objects to Plaintiff's request arguing that this information is not so relevant to Plaintiff's present wrongful-termination claim as to outweigh the burden on Defendant, after considering the needs of the case and the importance of the issues at stake. Plaintiff

---

[3] Defendant argues on more than one occasion that Plaintiff's present request for discovery of this information is harassing and oppressive due to its last-minute timing. This argument is unpersuasive: Defendant mistakenly asserted that Plaintiff Tran's e-mail account was deleted, and this error was only corrected in late November 2010. (Hopkins Aff., Dkt. No. 57 Ex. 1.)

asserts this information is necessary and relevant as background information or circumstantial evidence of Defendant's company-wide gender-discrimination practices.

Pursuant to Rule 26(b)(1), information is discoverable if it is relevant to any claim or defense of a party or if it is relevant to the subject matter of the case upon a showing of good cause. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1188-89 (10th Cir. 2009) (describing the discovery process as being two-tiered and stating that "when a party objects that discovery goes beyond that relevant to the claims or defenses, 'the court [will] become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.'" (quoting Fed. R. Civ. P. 26 advisory committee's notes (2000))). In discrimination cases, discovery is broad and may encompass circumstantial evidence necessary to prove a plaintiff's claim. Gomez, 50 F.3d at 1520 ("[D]iscovery in discrimination cases should not be narrowly circumscribed. It is well settled that in a Title VII suit, an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment." (citation omitted)).

Here, documents regarding the marketing department's employees' salaries, titles, and changes in employment are relevant to Plaintiff's claims of employee discrimination. This request is narrowed to Plaintiff's department during a two-year period specified by Plaintiff. Considering the level of relevancy of this information in relation to Plaintiff's claims, the issues involved, and the burden on Defendant, Plaintiff is entitled to its sought-for compulsion of all marketing members' salaries, titles, and changes in employment during the

specified period. See Weahkee v. Norton, 621 F.2d 1080 (10th Cir. 1980); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995) (denying request for discovery of personnel files and stating that "'[i]n employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information.'" (quoting Miller v. Yuasa-Exide, Inc., Case No. 94-1307-MLB, 1995 WL 606807 *1 (D. Kan. 1995))). Therefore, Plaintiff's Motion to Compel discovery of information regarding Defendant Sonic's marketing employees' titles, salaries, and changes in employment during the requested two-year period is warranted.

### B. *Plaintiff's Second Motion to Compel*

Plaintiff's second motion to compel is partially resolved by this Court's decision regarding Plaintiff's first motion to compel. Specifically, Plaintiff's second request for Plaintiff Tran's e-mails is mooted to the extent that Defendant is compelled to produce e-mails within the parameters of Document Request 51, as amended. Additionally, Plaintiff's requests for the 2010 performance review and documentation of Defendant's net worth are also mooted by Defendant's agreement to produce those documents. In its response to Plaintiff's second motion to compel, Defendant agrees to authenticate the online information regarding its net worth; additionally, Defendant agrees to produce the 2010 performance review of Trey Turner. Accordingly, there is one issue left for this Court to resolve: the e-mails between Plaintiff Tran and Trey Taylor during the period of September

1, 2008, to January 15, 2009.[4] Plaintiff asserts these e-mails, between Plaintiff and her supervisor, are necessary to establish Plaintiff's claims. After considering the burden of production on Defendant, the likely benefit to Plaintiff, and the importance of the issues at stake in the action, Defendant is compelled to produce e-mails between Plaintiff Tran and Trey Taylor from September 1, 2008, to January 15, 2009.

### C. Defendant's Motion to Compel

Finally, Defendant moves this Court to compel Plaintiff to produce her grades in two pre-law night classes she attended after her termination from Sonic. Defendant claims that Plaintiff's grades are needed to support its mitigating-damages defense. Plaintiff counters that the hours spent in the classroom, but not the resulting grades, are relevant to this defense. The Court agrees with Plaintiff; the amount of time spent in school and preparing for school is relevant to Defendant's mitigating-damages defense, but Plaintiff's resulting grades are not. Therefore, Defendant is not entitled to an order compelling Plaintiff to produce this information.

### D. Plaintiff's Motion to Defer Summary Judgment

---

[4] Defendant argues that Plaintiff has failed to satisfy the requirement of a good-faith conference prior to filing the second motion to compel discovery. (Def.'s Br., Dkt. No. 77, at 2-3); Fed. R. Civ. P. 37(a)(1); LCvR 37.1. Plaintiff counters that her counsel's attempts to meet with Defendant's counsel have been met with obstinance and time necessitated compulsion of production. (Pl.'s Br., Dkt. No. 72, at 4.) While there is no exception to the good-faith conference, delay of resolution of the parties' discovery disputes at this point in time would counter Rule 1's purpose to secure speedy, just, and inexpensive resolution of every action; Plaintiff's answer to Defendant's Motion for Summary Judgment looms in the foreground, as does the trial date. See LCvR 1.2(c) (granting the courts discretion to waive "any requirement of these local rules when the administration of justice requires"); Fed. R. Civ. P. 1.

Defendant moved for summary judgment earlier this month, and Plaintiff's response is due Monday, December 27, 2010. Plaintiff moved to defer the summary judgment proceedings until these discovery issues have been resolved and any documents Defendant is required to produce have been disclosed.[5] (Pl.'s Br., Dkt. No. 79.)

Under Rule 56(d) a court may defer decision on a motion for summary judgment when the nonmoving party shows by affidavit that it needs facts essential to its opposition of the motion. Fed. R. Civ. P. 56(d); Been v. O.K. Indus., Inc., 495 F.3d 1217, 1235 (10th Cir. 2007). Plaintiff has filed a Rule 56(d) affidavit explaining the need for e-mails regarding Plaintiff Tran's work to answer Defendant's motion. (Pl.'s Br., Dkt. No. 79 Ex. 2.) As the pending discovery issues have delayed Plaintiff's access to information needed for her response, Plaintiff is entitled to a deferment of the summary judgment proceedings.

### III. CONCLUSION

Accordingly, Defendant's Motion to Compel (Dkt. No. 63) is herein DENIED. Plaintiff's Motion to Compel Discovery (Dkt. No. 43) is GRANTED IN PART and DENIED IN PART. Plaintiff's second Motion to Compel Discovery (Dkt. No. 72) is GRANTED IN PART and mooted in part by this Court's order regarding Plaintiff's first motion and Defendant's agreement to comply. Defendant is ordered to produce the following: Interrogatory No. 3, e-mails between Plaintiff Tran and Trey Taylor from September 1, 2008,

---

[5] While the Court recognizes that it is ruling without the benefit of opposing counsel's brief regarding this motion, waiting the additional twenty-one days for Defendant's response would moot the issue.

to January 15, 2009; Interrogatory No. 14, the underlying facts and anticipated witnesses for Defendant's mitigation-of-damages defense; Interrogatories 51, 52, and 53, e-mails and documents regarding Plaintiff's work product and performance reviews, and e-mails to Plaintiff Tran, Trey Taylor, and Reed Reutlinger from Sonic employees and vendors during the period of January 15, 2009, to July 10, 2009; Interrogatory 54, documents regarding marketing employees' salaries, titles, and changes in employment for the requested two-year period. Defendant is ordered to produce these documents on or before December 29, 2010. Plaintiff's Motion to Defer Ruling on Defendant's Motion for Summary Judgment (Dkt. No. 79) is herein GRANTED to allow additional time for Discovery; Plaintiff's response to Defendant's Summary Judgment Motion is due on or before January 7, 2011.

IT IS SO ORDERED this 21st day of December, 2010.

ROBIN J. CAUTHRON
United States District Judge